**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHELLY HART,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>STATE BAR OF CALIFORNIA; STEVE MAZER; WILLIAM TODD; JASON KWAN; TIFFANY F. SORENSEN; SUSAN KIM; DREW ARESCA; DOES, 1 through 50, inclusive,<br><br>           Defendants-Appellees. | No. 22-55609<br><br>D.C. No. 2:21-cv-08786-CJC-KK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted July 18, 2023**

Before:   SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Shelly Hart appeals pro se from the district court's judgment dismissing her

42 U.S.C. § 1983 action alleging Fourteenth Amendment claims.  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo dismissals on the basis of Eleventh Amendment immunity and under Federal Rule of Civil Procedure 12(b)(6).  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  We affirm.

The district court properly dismissed Hart's claims against the State Bar of California and defendants Mazer, Todd, Kwan, Sorensen, Kim, and Aresca in their official capacities on the basis of Eleventh Amendment immunity.  *See Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (the State Bar of California is an arm of the state that is entitled to Eleventh Amendment immunity, and this immunity extends to officials sued in their official capacity).

The district court properly dismissed Hart's remaining claims against defendants because Hart failed to allege facts sufficient to state a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (setting forth pleading requirements for equal protection claim); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (setting forth elements of procedural due process claim).

We reject as unsupported by the record Hart's contention that the magistrate

judge discouraged Hart from amending her complaint.

**AFFIRMED.**